**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03363-REB-MJW

JACQUELINE FELTON,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC., a Washington corporation,

    Defendant.

## ORDER RE: DEFENDANT CONVERGENT OUTSOURCING INC.'S MOTION FOR RECONSIDERATION AND REQUEST FOR EMERGENCY HEARING

**Blackburn, J.**

    The matter before me is **Defendant Convergent Outsourcing, Inc.'s Motion for Reconsideration of District Judge Robert E. Blackburn's June 21, 2013 Order of Dismissal and Request for an Emergency Hearing** [#27],[1] filed June 24, 2013. I grant the motion to reconsider, mooting consideration of the request for a hearing on the matter.

    On June 21, 2013, plaintiff filed a motion to dismiss this action with prejudice, with each party to pay its own fees and costs. The motion was noted to be opposed to the extent that defendant did not agree that the parties should pay their own fees and costs. (*See* **Plaintiff's Motion for Dismissal With Prejudice With Each Party To Pay Its Own Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 41(a)(2)** ¶ 4 at 2

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[#25], filed June 21, 2013.) Nevertheless, that same day, and without awaiting or commissioning a response from defendant, the court granted the motion and dismissed the case, with each party to pay its own attorney fees and costs. (*See* **Order of Dismissal** [#26], filed June 21, 2013.) Defendant now moves for reconsideration of that order, wishing to be permitted to file a motion for attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).[2]

The bases for granting a motion for reconsideration are indeed limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Here, it is clear to the court that there is clear error here. Defendant's opposition to the motion to dismiss and position regarding its willingness to allow plaintiff to dismiss without addressing the issue of attorney fees and costs was presented and preserved properly. Given that the order of dismissal was entered that same day, without benefit of receiving a response from defendant, it is clear to the court that it jumped the proverbial gun. Disregarding defendant's position constituted clear error. To deny defendant the ability to support its claim of entitlement to attorney fees and costs would engender manifest injustice.

---

[2] Defendant's reference to its Rule 11 motion is irrelevant here, since plaintiff dismissed this action within the safe harbor provided by Rule 11(c)(2).

-
-

Accordingly, I will grant the motion for reconsideration and will vacate that portion of the order of dismissal stating that each party is to pay its own fees and costs. Concurrently, I will allow defendant the opportunity to present an apposite motion for attorney fees and costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Convergent Outsourcing, Inc.'s Motion for Reconsideration of District Judge Robert E. Blackburn's June 21, 2013 Order of Dismissal and Request for an Emergency Hearing** [#27], filed June 24, 2013, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

    a. That the motion for reconsideration is **GRANTED**; and

    b. That the motion for emergency hearing is **DENIED AS MOOT**;

2. That the portion of the **Order of Dismissal** [#26], filed June 21, 2013, which provides that the parties are to pay their own attorney fees and costs is **VACATED**; and

3. That defendant **MAY FILE** a motion seeking attorney fees and costs by no later than **Friday, October 18, 2013**; the deadline for the filing of a response and reply to any such motion **SHALL BE** as provided by D.C.COLO.LCivR 7.1C.

Dated September 27, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge