**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03363-REB-MJW

JACQUELINE FELTON,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC., a Washington corporation,

    Defendant.

**ORDER DENYING DEFENDANT CONVERGENT OUTSOURCING,
INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**Blackburn, J.**

    The matter before me is **Defendant Convergent Outsourcing, Inc.'s Motion for Attorney's Fees and Costs** [#32],[1] filed October 18, 2013. I deny the motion.

    Defendant seeks its attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) as a sanction for plaintiff's alleged bad faith in bringing this lawsuit. Alternatively, it claims plaintiff's counsel should be liable to reimburse it for these cost items for having vexatiously multiplied the proceedings. I am unpersuaded by either argument.

    This case was brought under the Federal Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C 1692 *et seq.* Section 1692k of the Act provides that

> On a finding by the court that an action under this section
> was brought in bad faith and for the purpose of harassment,
> the court may award to the defendant attorney's fees
> reasonable in relation to the work expended and costs.

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

15 U.S.C. § 1692k(a)(3).  Thus, "[w]hen a defendant prevails *and* the court finds that the suit was brought in bad faith and for the purpose of harassment, then (in the court's discretion) that defendant may *also* recover attorney's fees."  **Marx v. General Revenue Corp.**, 668 F.3d 1174, 1178 (10th Cir. 2011), **aff'd**, 133 S.Ct. 1166 (2013) (emphases in original).  Putting aside the not-all-together clear issue whether a defendant may be considered to have "prevailed" when a plaintiff voluntarily dismisses her claims, **see University of Kansas v. Sinks**, 2008 WL 750350 at *2-3 (D. Kan. Mar. 19, 2008), I find nothing in the record before me to demonstrate that plaintiff's claim was brought in bad faith or merely for the purpose of harassment.  Contrary to defendant's selective citation of the evidence, the transcript of the phone call on which plaintiff's claim was premised does not clearly demonstrate that plaintiff had no basis for pursuing an FDCPA claim.[2]

As for defendant's invocation of section 1927, that provision applies when a party's attorney has "unreasonably and vexatiously" multiplied the proceedings.  "The power to assess costs against an attorney under § 1927, however, is a power that must be strictly construed and utilized only in instances evidencing a serious and standard disregard for the orderly process of justice."  **Dreiling v. Peugeot Motors of America, Inc.**, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation and internal quotation marks omitted).  That standard plainly is not met on the record before me.  By its own terms, the statute does not apply to the initiation of proceedings, **Steinert v. Winn Group, Inc.**, 440 F.3d 1214, 1225 (10th Cir. 2006), so counsel's alleged failure to accept defendant's

---

[2] Nor is the record at all clear that plaintiff agreed to dismiss her claims only after being served with a motion for Rule 11 sanctions.  Even assuming such was the case, the fact of her dismissal demonstrates that the safe harbor provisions of Rule 11 worked as they were designed.

2

assessment of the merits of his claim prior to the filing of suit provide no basis for sanctions thereunder.  Moreover, an attorney who acquiesces to the first attempt to dismiss his client's claims cannot be held liable for violation of section 1927.  **See id**.  Such is the case here.  Although plaintiff's attorney may have engaged in some hard-ball tactics, his actions do not plainly exceed the bounds of zealous advocacy.  **See Ford Audio Video Systems, Inc. v. AMX Corp., Inc.**, 1998 WL 658386 at *3 (10th Cir. Sept. 15, 1998); **Righthaven LLC v. Hill**, 2011 WL 4018105 at *3 (D. Colo. Setp. 9, 2011).

**THEREFORE, IT IS ORDERED** that **Defendant Convergent Outsourcing, Inc.'s Motion for Attorney's Fees and Costs** [#32], filed October 18, 2013, is **DENIED**.

Dated April 11, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge